UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO JIMENEZ, P43128,<br><br>Petitioner,<br><br>v.<br><br>J. W. SULLIVAN, Warden,<br><br>Respondent. | Case No. 17-cv-05190-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST**<br><br>(ECF No. 4) |

Petitioner, a state prisoner currently incarcerated at the California Correctional Institution in Tehachapi, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2004 conviction from Del Norte County Superior Court.

Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). Petitioner has not done so. He has not presented the Supreme Court of California with an opportunity to consider and rule on his claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California must be given at least one opportunity to review state prisoners' federal claims). The petition for a writ of habeas corpus under § 2254 therefore is DISMISSED without prejudice to petitioner filing a new petition after exhausting state judicial remedies.

But based solely on petitioner's affidavit of poverty, his motion for leave to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915 (ECF No. 4) is GRANTED.

**IT IS SO ORDERED**.

Dated: October 13, 2017

CHARLES R. BREYER
United States District Judge